[No. 4563.   Decided July 11, 1903.]

GEORGE KINNEAR, *Appellant,* v. SARAH MOSES, *Respond-
ent.*

PARTY WALL AGREEMENT — COVENANT RUNNING WITH LAND — EN-
FORCEMENT AFTER CONVEYANCE BY COVENANTEE.

Where the owners of adjoining lots, on which a party wall
had been constructed, under an agreement making the promise
to pay one-half the expense thereof a covenant running with
the land, united in a conveyance of one of the lots by warranty
deed without any reservation whatever, the grantee acquired the
lot and the portion of the wall thereon freed from any liability
under the covenant for repayment of one-half its cost.

Appeal from Superior Court, King County.—Hon.
WILLIAM R. BELL, Judge. Affirmed.

*James M. Epler* and *Charles A. Kinnear,* for appel-
lant:

Party wall agreements run with the land and are as
binding on the assigns of the original parties as they were
on the parties to such agreements. Any party purchasing
after such agreement is bound by its terms, when notice
thereof is given. *Richardson v. Tobey,* 121 Mass. 457;
*Savage v. Mason,* 3 Cush. 500; *Weld v. Nichols,* 17 Pick.
538; *Bronson v. Coffin,* 108 Mass. 175; *Platt v. Eggleston,*
20 Ohio St. 414; *Thompson v. Curtis,* 28 Iowa, 229;
*Brown v. Pentz,* 1 Abb. App. Dec. 227; *Rindge v. Baker,*
57 N. Y. 209; *Ensign v. Sharp,* 72 Ga. 708; *McCourt v.
McCabe,* 46 Wis. 596. The doctrine of party wall agree-
ments, and the liabilities and responsibilities incident to
them, is not that of incumbrances upon the land, but is
simply the obligation of mutual easements upon or over
the lands subject to such agreement. *Ake v. Mason,* 101

Pa. St. 17; *Smith v. Hughes,* 50 Wis. 620; 2 Devlin, Deeds, p. 213.

*Will E. Humphrey,* for respondent..

The opinion of the court was delivered by

MOUNT, J.—Plaintiff brought this action against defendant, Sarah Moses, to recover one-half the cost of a party wall, under a party wall agreement. When the plaintiff had introduced all his evidence, the court dismissed the action because the evidence was not sufficient to make a cause of action against the defendant. Plaintiff appeals.

The undisputed facts are as follows: In 1889 appellant was the owner of lot 2 in block 14, Maynard's Plat of the City of Seattle. At the same time appellant and his wife and W. R. Brawley and wife were the owners of the north half of lot 3 in the same block. Lot 2 adjoined lot 3 on the north. In December of 1889 the owners of these two parcels of land entered into a party wall agreement, to the effect that the owners of either parcel might build a party wall on the line between the lots, and that when the owners of either parcel should use said wall, or any part thereof, those so using said wall should pay the parties who constructed the wall, or the owner thereof, one-half the cost of construction of the portion of the wall and the foundation actually used. The parties then agreed that these agreements should be covenants running with the land. The agreement was acknowledged and recorded in the public records. Thereupon the appellant, in the year 1889, built a party wall upon the line between the two parcels of land, at a cost of $4,874.08. Thereafter, in July, 1900, appellant and wife and James Dickson and wife, who were the owners

of both parcels at that time, sold and conveyed the north half of lot 3, above named, with the appurtenances, to the respondent, by warranty deed, without any reservation whatever. The respondent thereafter built a building on her lot, and used the wall as a part thereof. After the building was completed, appellant demanded of respondent $2,437.04, being one-half the cost of the party wall.

It seems clear to us that the appellant has no cause of action. Even if the party wall agreement is a covenant running with the land, it applied only to those who, by virtue of the agreement, had no interest in the wall which stood upon their land. If respondent had purchased from some person who owned the land, but who did not own the wall, of which fact she was probably bound to take notice, she would have acquired no right to the wall, except that given by the party wall agreement. But when she purchased of the appellant, who owned both the wall and the land, she purchased all his right, title, and interest, as expressed in the deed. If the appellant had been the sole owner of both parcels of land and the wall standing thereon, and had sold all the land and appurtenances, without any reservation, he certainly could not afterwards claim an interest in the wall because at some prior time he had a party wall agreement with the former owner. When he sold the land without reservation, he sold all that was appurtenant thereto, including whatever part of the wall was upon the land sold.

The judgment is therefore affirmed.

FULLERTON, C. J., and DUNBAR, ANDERS and HADLEY, JJ., concur.